Connecticut Local Form Chapter 13 Plan                                                                                                01/2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

**Fill in this information to identify your case:**

Debtor 1*: KISHA [First Name] [Middle Name] COBB [Last Name]

Social Security Number: XXX - XX - 4503 (Enter only last 4 digits)

**CHAPTER 13 PLAN**

Debtor 2* (Spouse, if filing): [First Name] [Middle Name] [Last Name]

Social Security Number: XXX - XX - ☐☐☐☐ (Enter only last 4 digits)

Case number (If known): 17-50245

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

☒ 5th  Amended Plan (Indicate 1st, 2nd, etc.)    ECF No. of prior plan: 56

**Amended Plan: Only complete this section if this is an amended plan before confirmation.**
Sections of the Plan that have been amended (list):

| Plan Section(s) | Amendment(s) (Describe) |
|---|---|
| VII | The Debtor has filed an application for a loan modification which is under review as of 4/24/18. If a loan modification is not approved by the holder of the 1st mortgage against the Debtor's residence within six (6) months from confirmation or one year from the date of filing (3/6/17), whichever occurs first, the case shall be dismissed. |
|  |  |

If your plan amendment affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected. If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):
- ☐ secured
- ☐ priority
- ☐ unsecured, non-priority

☒ The amendement affects individual creditors. List each below.

| Creditor Name(s) | Proof of Claim Number | Type of Claim |
|---|---|---|
| CHFA | 3 | Secured |

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

Debtor:. KISHA COBB                                              Case number: 17-50245

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☐ Included | ☒ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☒ Not Included |

To Creditors: Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid.** *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties: The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| | | |
|---|---|---|
| Non-standard provisions, set out in Section VII. | ☒ Included | ☐ Not Included |

## II.     PLAN PAYMENTS AND LENGTH OF PLAN

Debtor: KISHA COBB                                              Case number: 17-50245

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II.

### 2.1 Payments to Chapter 13 Standing Trustee.

The Debtor will make payments to the Chapter 13 Standing Trustee as follows:

| $ 250.00 | per MONTH | for | 60 | months. |

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

### 2.2 Source of Payments to the Chapter 13 Standing Trustee.

*Check all that apply.*

☐ The Debtor will make payments pursuant to a payroll deduction order.
☒ The Debtor will make payments directly to the Chapter 13 Standing Trustee at the following address (include case number on payment):
   Roberta Napolitano, Chapter 13 Standing Trustee
   PO Box 610
   Memphis, TN 38101-0610

### 2.3 Income Tax Refunds.

*Check one.*

☒ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.
☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.
☐ The Debtor will treat income tax refunds as follows:

### 2.4 Additional Payments.

*Check one.*

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 2.5 Estimated Total Payments.

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ 15,000.00

### 2.6 Order of Payments to Creditors by the Chapter 13 Standing Trustee

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

Debtor: KISHA COBB                                                                 Case number: 17-50245

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III. TREATMENT OF SECURED CLAIMS

**3.1 Secured Claims That Will Not Be Modified.**

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

☒ Arrears payments (Cure) will be disbursed by the Chapter 13 Standing Trustee and regular payments (Maintain) will be disbursed by the Debtor, as specified below.

---

1. Creditor: **WPCA**

Last 4 Digits of Account No.: **4 2 2 3**

Arrearage / Payoff on Petition Date: **$1,740.22**

Interest Rate on Arrearage: **18.00%**

Regular Payment (Maintain) by Debtor:* **$0.00** /month

☒ Real Property
   ☒ Principal Residence
   ☐ Other (describe)
   Address of Collateral:
   **23 STURTEVANT PLACE, BRIDGEPORT, CT**

Check below regarding real property taxes and insurance:
☐ Mortgage payments include escrow for:
   ☐ Real estate taxes
   ☐ Homeowners Insurance
☐ Debtor pays directly for:
   ☐ Real estate taxes
   ☐ Homeowners Insurance

☐ Personal Property/Vehicle
Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐ - ☐☐☐☐

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

---

Debtor: KISHA COBB                                                          Case number: 17-50245

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2.** **Secured Claims Subject to Valuation Motion.**

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.3** **Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).**

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.4** **Surrender of Collateral.**

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

**4.1** **Applicability Of Post-Petition Interest.**

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, _____% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

**4.2** **Trustee's Fees.**

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3** **Administrative Attorney's Fees.**    ☐ PRO BONO

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $3,990.00 | $310.00 | $4,300.00 | $0.00 |

Total Allowance Sought:    $4,300.00   (Fees and Expenses)

Payable        [Check one]    ☐ Through this Chapter 13 Plan
                              ☐ Outside of this Chapter 13 Plan
$0.00

Debtor: KISHA COBB                                                                                     Case number: 17-50245

Attorneys shall file applications for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 if the total allowance sought exceeds $4,000.00 before confirmation of this Chapter 13 Plan. The Court will consider allowance of compensation and reimbursement of expenses without such an application if the total allowance sought equals or is less than $4,000.00.

### 4.4 Domestic Support Obligation(s).

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 4.5 Priority Claims.

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## V. TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

### 5.1. Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
Through this Chapter 13 Plan the Debtor proposes to pay the general unsecured creditors holding claims totaling:

$3,833.44

a dividend of  not less than  100.00%  over a period of  60  months

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*

## VII NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*

Non-standard provisions must be set forth below, or in an attachment. A non-standard provision is a provision not otherwise included in the Local Form Chapter 13 Plan or deviating from it. Non-standard provisions set out elsewhere in this Chapter 13 Plan are void.

> The Debtor has applied for a loan modification which is under review as of 4/24/18. If a loan modification is not approved by the holder of the 1st mortgage against the Debtor's residence within six (6) months from confirmation the case shall be dismissed.

**PURSUANT TO 11 U.S.C. § 1327(b), PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN.**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

Debtor: KISHA COBB                                              Case number: 17-50245

|  |  |
|---|---|
| (Debtor Signature) | (Joint Debtor Signature) |

| KISHA COBB | MAY 11, 2018 | | |
|---|---|---|---|
| Debtor (Type Name) | Date | Joint Debtor (Type Name) | Date |

| RUSSELL SMALL | MAY 11, 2018 |
|---|---|
| Attorney with permission to sign on Debtor's behalf | Date |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.